JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Shelly Haddock and
John Haddock

**DEFENDANTS**
Zimmer US, Inc., Zimmer Biomet Holdings, Inc., Zimmer Biomet, Inc., and Zimmer Surgical, Inc.

**(b)** County of Residence of First Listed Plaintiff   Wayne County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Indiana
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ivan L. Land P65078
Law Offices of Ivan L. Land, P.C.
25900 Greenfield Rd., Suite 210
Oak Park, MI 48237 248.968.4545

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☒ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability   Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander   Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability   Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability   **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability   ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury   ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice   ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations   ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment   ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other   **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education   ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332
Brief description of cause:
Failed Zimmer hip implant

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $   over $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
June 4, 2020

SIGNATURE OF ATTORNEY OF RECORD
*Ivan L. Land*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SHELLY HADDOCK and
JOHN HADDOCK,

       Plaintiffs,

V

ZIMMER US, INC.,
ZIMMER BIOMET HOLDINGS, INC., f/k/a/ ZIMMER HOLDINGS, INC.,
ZIMMER BIOMET, INC., f/k/a ZIMMER, INC., and
ZIMMER SURGICAL, INC.

       Defendants.

---

Ivan L. Land (P65879)
*Law Offices of Ivan L. Land, P.C.*
Attorney for Plaintiffs
25900 Greenfield Rd., Suite 210
Oak Park, MI  48237-1267
(248) 968-4545 / (f) (248) 968-4540
ill4law@aol.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiffs, SHELLY HADDOCK and JOHN HADDOCK, by and through their attorneys, the Law Offices of Ivan L. Land, P.C., and states as follows for their Complaint:

## NATURE OF THE ACTION

This is an action for damages relating to Defendants' development, testing, assembling, manufacturing, packaging, labeling, preparing, distribution, marketing, supplying, and/or selling of the Zimmer device.

1

## PARTIES, JURISDICTIONAL ALLEGATIONS

1.  Plaintiff, SHELLY HADDOCK (hereinafter "HADDOCK"), is a resident of Wayne County, MI.

2.  Plaintiff, JOHN HADDOCK, is a resident of Wayne County, MI.

3.  Defendant, ZIMMER US, INC., is a Delaware corporation and its principal place of business is located at 345 East Main Street, Warsaw, IN 46580, and was duly registered and/or licensed to do business in the State of Michigan.

4.  Defendant, ZIMMER BIOMET HOLDINGS, INC., f/k/a/ ZIMMER HOLDINGS, INC., is a Delaware corporation and its principal place of business is located at 345 East Main Street, Warsaw, IN 46580, and was duly registered and/or licensed to do business in the State of Michigan.

5.  Defendant, ZIMMER BIOMET, INC., f/k/a/ ZIMMER, INC., is a Delaware corporation and its principal place of business is located at 345 East Main Street, Warsaw, IN 46580, and was duly registered and/or licensed to do business in the State of Michigan.

6.  Defendant, ZIMMER SURGICAL, INC., is a Delaware corporation and its principal place of business is located at 200 West Ohio Avenue, Dover, OH 44622, and was duly registered and/or licensed to do business in the State of Michigan.

7.  At all relevant times, each of the Defendants and their directors and officers acted within the scope of their authority of each Defendant and on behalf of each other Defendant. During the relevant times, Defendants possessed a unity of interest between themselves and Zimmer, and they exercised control over its subsidiaries and affiliates. As such, each Defendant is individually, and severally liable to the HADDOCKS for HADDOCKS' injuries, losses, and damages.

2

8.   Zimmer Us, Inc., Zimmer Biomet Holdings, Inc., f/k/a Zimmer Holdings, Inc., Zimmer

Biomet, Inc., f/k/a Zimmer, Inc., and Zimmer Surgical, Inc., will herein be collectively

referred to as "ZIMMER."

9.   The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because

Plaintiffs and Defendants are citizens of different states and the amount in controversy

exceeds $75,000 exclusive of interest and costs.

10.  Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(a) and

(c), as a substantial number of the events, actions or omissions giving rise to Plaintiffs'

claims occurred in this District.  At all times material hereto, Defendants conducted

substantial business in the State of Michigan.


## FACTUAL ALLEGATIONS

11.  In November of 2010, HADDOCK learned that she required a right hip replacement

because her right hip was damaged by arthritis degeneration.

12.  On December 14, 2010 at Oakwood Heritage Hospital, HADDOCK was surgically

implanted with the *Stryker Rejuvenate* in her right hip.

13.  In February of 2015, HADDOCK learned that she required a revision surgery because her

surgically implanted *Stryker* hip was defective.

14.  On March 31, 2015 at Oakwood Heritage Hospital, HADDOCK underwent hip revision

surgery.

15.   Upon information and belief, HADDOCK was implanted with the ZIMMER'S #15 IMPLANT 225 Stem and Femoral Head (hereinafter "the IMPLANT") for the revision surgery that is the subject of this lawsuit.

16.   Tragically, on June 9, 2017, the IMPLANT failed while HADDOCK was at work vacuuming a floor, she felt her right hip pop and she fell to the ground in excruciating pain.

17.   HADDOCK was rushed to the hospital in an ambulance and it was discovered that the IMPLANT had failed.

18.   HADDOCK later learned that her femur bone was fractured and the stem of the IMPLANT had failed as it broke causing HADDOCK'S injuries (See Exhibit 1).

19.   On June 12, 2017, HADDOCK had revision surgery to repair her damaged hip.

## COUNT I

### (Negligence against ZIMMER)

20.   HADDOCKS incorporate by reference the above paragraphs.

21.   At all relevant times, it was the duty of ZIMMER to exercise due care in designing, testing, manufacturing, distributing, marketing, promoting, and selling of the IMPLANT such that it would be reasonably safe for its intended use.

22.   ZIMMER breached their duty of reasonable care owed to HADDOCK by defectively designing, manufacturing, and/or negligently failing to warn of these defects in the IMPLANT thereby causing HADDOCK'S injuries and damages.

23.   ZIMMER was negligent in the designing, testing, manufacturing, distributing, marketing, promoting, and selling of the IMPLANT and also in the following ways:

4

a) ZIMMER, in advertising, marketing, promoting, packaging, and selling the IMPLANT, negligently misrepresented material facts regarding the IMPLANT safety, efficacy, and fitness for human use by claiming the IMPLANT was fit for its intended purpose when, in fact, it was not;

b) ZIMMER, in advertising. marketing, promoting, packaging, and selling the IMPLANT, negligently misrepresented material facts regarding the IMPLANT safety, efficacy, and fitness for human use by claiming the IMPLANT had been adequately and reliably tested when, in fact, it was not;

c) ZIMMER, in advertising, marketing, promoting, packaging, and selling the IMPLANT, negligently misrepresented material facts regarding the IMPLANT safety, efficacy, and fitness for human use by claiming the IMPLANT was safe and effective and was appropriate for use by human beings when, in fact, it was not; and

d) ZIMMER, in advertising, marketing, promoting, packaging, and selling the IMPLANT, negligently misrepresented material facts regarding the IMPLANT safety, efficacy, and fitness for human use by claiming the risk of serious adverse events and/or effects from the IMPLANT'S was comparable to that of other hip replacement systems, when in fact it was not.

24.     ZIMMER knew or had reason to know that HADDOCK, as a member of the general public for whose use the IMPLANT was placed into interstate commerce for, would be likely to use the IMPLANT in a manner described in this Complaint.

25.     ZIMMER knew or reasonably should have known of the danger associated with the manner and circumstances of HADDOCK'S foreseeable use of the IMPLANT, which danger would not be obvious to the general public.

26.   As a direct and proximate result of one or more of the forgoing wrongful acts or omissions by ZIMMER, HADDOCK was caused to suffer and sustain injuries of a permanent nature; to endure pain and suffering in body and mind; to expend money for medical care in the past and in the future; furthermore, HADDOCK was unable to and will in the future be unable to attend to her normal affairs and duties for an indefinite period of time.

## COUNT II

### (Breach of Express Warranty against ZIMMER)

27.   HADDOCKS incorporate by reference the above paragraphs.

28.   HADDOCK currently is not in possession of any document relating to representations, warnings, and/or communications made by ZIMMER in this action. HADDOCK reserves the right to present evidence in support of the claim which is not presently in her possession, but which will be discovered in the ordinary course of litigation.  Such evidence may include, but is not necessarily limited to: Instruction for Use Manuals; all written material or information provided on and/or within any and all packaging associated with HADDOCK'S device; manufacturer's labels, package inserts; Adverse Event Reports; clinical trial data; medical literature; medical research findings and opinions; medical publications; advertisements, sales and promotional materials; internal memoranda, emails, communications and databases; sales, prescription and adverse event report databases; and communications from ZIMMER in this action, including ZIMMER's employees, officers, directors, agents, representatives, contractors and business associates, to the public, medical community, HADDOCK'S implanting surgeon and HADDOCK.  Upon information, knowledge and belief, HADDOCK alleges that the documents, instruments and/or evidence stated above are in the possession of ZIMMER.

6

29. At the time ZIMMER marketed, sold, and/or distributed the IMPLANT, it knew that the hip device was intended for human use.

30. At the time ZIMMER marketed, sold, and/or distributed the IMPLANT, HADDOCK was a foreseeable user of the device.

31. At the time ZIMMER marketed, sold, and/or distributed the IMPLANT, it expressly warranted that the IMPLANT, including all of its component parts, was safe and merchantable for its intended use.

32. HADDOCK and her implanting surgeon reasonably relied upon the representations that the IMPLANT was of merchantable quality and safe for their intended uses.

33. HADDOCK used the IMPLANT for its intended purpose.

34. Contrary to the express, at the time ZIMMER marketed, sold and/or distributed the IMPLANT, it was not of merchantable quality or safe for their intended use as described above.

35. As a direct and proximate result of one or more of the forgoing wrongful acts or omissions by ZIMMER, HADDOCK was caused to suffer and sustain injuries of a permanent nature; to endure pain and suffering in body and mind; to expend money for medical care in the past and in the future; furthermore, HADDOCK was unable to and will in the future be unable to attend to her normal affairs and duties for an indefinite period of time.

## COUNT III

### (Breach of Implied Warranty of Merchantability against ZIMMER)

36. HADDOCKS incorporate by reference the above paragraphs.

37.    HADDOCK currently is not in possession of any document relating to representations, warnings, and/or communications made by ZIMMER in this action. HADDOCK reserves the right to present evidence in support of the claim which is not presently in her possession, but which will be discovered in the ordinary course of litigation. Such evidence may include, but is not necessarily limited to: Instruction for Use Manuals; all written material or information provided on and/or within any and all packaging associated with HADDOCK'S device; manufacturer's labels, package inserts; Adverse Event Reports; clinical trial data; medical literature; medical research findings and opinions; medical publications; advertisements; sales and promotional materials; internal memoranda, emails, communications and databases; sales, prescription and adverse event report databases; and communications from ZIMMER in this action, including ZIMMER'S employees. officers, directors, agents, representatives, contractors and business associates, to the public, medical community, HADDOCK'S implanting surgeon and HADDOCK.  Upon information, knowledge and belief, HADDOCK alleges the documents, instruments and/or evidence stated above are in the possession of ZIMMER.

38.    At the time ZIMMER marketed, sold, and/or distributed the IMPLANT, it knew that the hip device was intended for human use.

39.    At the time ZIMMER marketed, sold, and/or distributed the IMPLANT, HADDOCK was a foreseeable user of the device.

40.    At the time ZIMMER marketed, sold, and/or distributed the IMPLANT, it impliedly warranted that the IMPLANT, including all of its component parts, was safe and merchantable for its intended use. ZIMMER warranted that the implanted IMPLANT was in good condition at a minimum:

8

a) Would pass without objection in the trade under the contract description;

b) Was fit for the ordinary purposes for which such goods are used;

c) Would run, within the variations permitted by the agreement, of even kind, quality, and quantity within each unit and among all units involved; and/or,

d) Conformed to the promises or affirmations of fact made on the container or label if any.

41. ZIMMER, when they sold the implanted IMPLANT, breached the foregoing implied warranty of merchantability.

42. HADDOCK and her implanting surgeon reasonably relied upon the representations that the IMPLANT was of merchantable quality and safe for their intended uses.

43. HADDOCK used the IMPLANT for its intended purpose.

44. Contrary to the implied warranties, at the time ZIMMER marketed, sold and/or distributed the IMPLANT, it was not of merchantable quality or safe for their intended use as described above,

45. As a direct and proximate result of one or more of the forgoing wrongful act or omissions by ZIMMER, HADDOCK was caused to suffer and sustain injuries of a permanent nature; to endure pain and suffering in body and mind; to expend money for medical care in the past and in the future; furthermore, HADDOCK was unable to and will in the future be unable to attend to her normal affairs and duties for an indefinite period of time.

## COUNT IV

**(Breach of Implied Warranty of Fitness For A Particular Purpose against ZIMMER)**

46. HADDOCKS incorporate by reference the above paragraphs.

47. HADDOCK currently is not in possession of any document relating to representations, warnings, and/or communications made by ZIMMER in this action. HADDOCK reserves

9

the right to present evidence in support of the claim which is not presently in her possession, but which will be discovered in the ordinary course of litigation. Such evidence may include, but is not necessarily limited to: Instruction for Use Manuals; all written material or information provided on and/or within any and all packaging associated with HADDOCK'S device; manufacturer's labels, package inserts: Adverse Event Reports; clinical trial data; medical literature; medical research findings and opinions; medical publications; advertisements; sales and promotional materials; internal memoranda, emails, communications and databases; sales, prescription and adverse event report databases; and communications from ZIMMER in this action, including ZIMMER's employees, officers, directors, agents, representatives, contractors and business associates, to the public, medical community, HADDOCKS implanting surgeon and HADDOCK. Upon information, knowledge and belief, HADDOCK alleges the documents, instruments and/or evidence stated above are in the possession of ZIMMER.

48.    At the time ZIMMER marketed, sold, and/or distributed the IMPLANT, it knew that the hip device was intended for human use.

49.    At the time ZIMMER marketed, sold, and/or distributed the IMPLANT, HADDOCK was a foreseeable user of the device.

50.    At the time ZIMMER marketed, sold, and/or distributed the IMPLANT, it impliedly warranted that the IMPLANT, including all of its component parts, was fit for the particular purpose for which the implanted IMPLANT was intended.

51.    HADDOCK, the hospital and implanting surgeon relied upon ZIMMERS' skill and/or judgment in its ability to furnish a device for the particular purpose for which the implanted IMPLANT was intended.

52.   The implanted IMPLANT that ZIMMER sold to hospitals, doctors and HADDOCK were not fit for their particular purpose and ZIMMER breached their implied warranty of fitness for particular purpose to the hospitals, doctors and HADDOCK.

53.   As a direct and proximate result of one or more of the forgoing wrongful act or omissions by ZIMMER, HADDOCK was caused to suffer and sustain injuries of a permanent nature; to endure pain and suffering in body and mind; to expend money for medical care in the past and in the future; furthermore, HADDOCK was unable to and will in the future be unable to attend to her normal affairs and duties for an indefinite period of time.

## COUNT V

### (Loss Consortium against ZIMMER)

54.   HADDOCKS incorporate by reference the above paragraphs.

55.   HADDOCKS are legally married and were legally married at the time of the events described in this Complaint.

56.   As a result of the wrongful and negligent acts of the Defendants, and each of them, HADDOCKS were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their martial relationship.

57.   The injuries and damages to SHELLY HADDOCK were caused solely by the wrongful and negligent acts of ZIMMER.

58.   As a direct and proximate result of ZIMMER'S wrongful conduct, HADDOCKS sustained and will continue to sustain severe physical injuries, severe emotional distress, mental anguish, economic losses and other damages for which they are entitled to

11

compensatory and equitable damages and declaratory relief in an amount to be proven at trial.

WHEREFORE, HADDOCKS, pray for judgment against ZIMMER for compensatory damages, exemplary damages in a sum in excess of the jurisdictional limits of this Court, together with interests and costs of this action and any other damages this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

HADDOCKS demand a trial by jury.

Dated:  June 4, 2020                                  Respectfully submitted,

*Ivan L. Land*

Ivan L. Land (P65879)
*Law Offices of Ivan L. Land, P.C.*
Attorney for Plaintiffs
25900 Greenfield Rd., Suite 210
Oak Park, MI  48237-1267
248.968.4545 / (f) 248.968.4540
ill4law@aol.com

12

# EXHIBIT

# 1

